1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WESLEY W. HUNTER,

        Petitioner,

    v.

JAMES TILTON, Warden

        Respondent.

Civil No. 08cv1356 L (RBB)

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

17    On June 28, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ

18 of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the

19 Eastern District of California. [Doc. No. 1.]  On July 28, 2008, the case was transferred to this

20 Court pursuant to 28 U.S.C. § 2241(d) because Petitioner is attacking a prison disciplinary

21 conviction that occurred in Imperial County, California.[1]  (Pet. at 1.)

22 //

23

24    [1]The Centinela State Prison disciplinary board found Petitioner guilty of a rules violation on June
4, 2004, for possession of a controlled substance for distribution.  (Pet. at 1.)  On July 10, 2006,
25 Petitioner filed a petition for writ of habeas corpus in this Court which challenged the prison board
finding.  (*see* case number 06cv1402.)  In that case, the Court granted Respondent's motion to dismiss
26 for Petitioner's failure to meet AEDPA's statute of limitations.  (*see* Order, case number 06cv1402 [doc.
no. 26].)  The charges were also referred to the Imperial County District Attorney's office, after which,
27 on December 20, 2006, a grand jury returned an indictment against Petitioner.  (Pet., Ex. A.)  On
February 20, 2007, Petitioner pled nolo contendere to the possession charge and the trial court sentenced
28 him to two additional years of confinement.  (Pet. at 11.)  The present action is the first petition for writ
of habeas corpus Petitioner has filed challenging this sentence.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.  See Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO NAME PROPER RESPONDENT

Further, review of the Petition reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  See id.

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  Ortiz-Sandoval, 81 F.3d at 895.

//

//

//

1   Here, Petitioner has incorrectly named "James Tilton" as Respondent.  In order for this

2   Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of

3   the state correctional facility in which Petitioner is presently confined or the Director of the

4   California Department of Corrections, currently Matthew Cate.  Brittingham v. United States,

5   982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

6                              **FAILURE TO USE PROPER FORM**

7   Finally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the

8   Local Rules of the United States District Court for the Southern District of California.  See Rule

9   2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

10  submitted upon a court-approved form and in accordance with the instructions approved by the

11  Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

12  approved form.

13                              **CONCLUSION AND ORDER**

14  Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's

15  failure to (1) satisfy the filing fee requirement, (2)  name a proper respondent, and (3) use the

16  proper form.  To have this case reopened, Petitioner must submit, **no later than November 10,**

17  **2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the

18  fee, **AND**  a First Amended Petition which cures the pleading deficiencies noted in this Order.

19  **The Clerk of Court is directed to send a blank Southern District of California First**

20  **Amended Petition form and an In Forma Pauperis Application to Petitioner along with a**

21  **copy of this Order.**

22  **IT IS SO ORDERED.**

23  **DATED:  September 5, 2008**

24                                          _____

25                                          **M. James Lorenz**
                                            **United States District Court Judge**

26

27

28