1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

WESLEY W. HUNTER,

12

Petitioner,

13

v.

14

MATTHEW CATE, Warden,

15

Respondent.

Civil No.    08-1356 L (RBB)

**ORDER REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254)**

16

17          On June 28, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ

18  of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the

19  Eastern District of California. [Doc. No. 1.] On July 28, 2008, the case was transferred to this

20  Court pursuant to 28 U.S.C. § 2241(d) because Petitioner is attacking a prison disciplinary

21  conviction that occurred in Imperial County, California.[1]  (Pet. at 1.)

22          On September 5, 2008, this Court dismissed the case without prejudice for Petitioner's

23  failure to satisfy the filing fee requirement, name a proper respondent, and use the proper form.

24

25          [1]  The Centinela State Prison disciplinary board found Petitioner guilty of a rules violation on June 4, 2004, for
possession of a controlled substance for distribution.  (Pet. at 1.) On July 10, 2006, Petitioner filed a petition for writ of
26  habeas corpus in this Court which challenged the prison board finding.  (see case number 06cv1402.)  In that case, the Court
granted Respondent's motion to dismiss for Petitioner's failure to meet AEDPA's statute of limitations.  (see Order, case
27  number 06cv1402 [doc. no. 26].) In addition to the prison board proceedings, the charges were also referred to the Imperial
County District Attorney's office.    (Pet., Ex. A.)  On December 20, 2006, a grand jury returned an indictment against
28  Petitioner.  (Id.)    On February 20, 2007, Petitioner plead nolo contendere to the possession charge and the trial court
sentenced him to two additional years of confinement. (Pet. at 11.)  The present action is the first petition for writ of habeas
corpus Petitioner has filed challenging this sentence.

[Doc. No. 7.]  To have the case reopened, Petitioner was required to either pay the $5 filing fee or demonstrate his inability to pay the fee, and cure the pleading deficiencies noted in this Court's Order no later than November 10, 2008.  (*See* Order, case number 08cv1356 [doc. no. 7]).  On October 2, 2008, Petitioner filed a First Amended Petition on a Court approved form which correctly names Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as Respondent.  [Doc. No. 8.]  On October 3, 2008, Petitioner paid the $5 filing fee. [Doc. No. 9.]

In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

1.  The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2.  If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **November 24, 2008**.  The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[2] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard.  A hearing date is not required for the motion to dismiss.

---

[2]  If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

3.  If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **December 29, 2008**.  At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

4.  Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

5.  If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **December 9, 2008**.  At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**."  Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item shall be numbered separately and sequentially.

6.  Petitioner may file a traverse to matters raised in the answer no later than **January 8, 2009**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7.  A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

8.  Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

9.  Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

10. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED:  October 7, 2008

Ruben B. Brooks
United States Magistrate Judge