# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY W. HUNTER,<br><br>　　　　　　　　　Petitioner,<br><br>　　vs.<br><br>MATTHEW CATE, Secretary,<br><br>　　　　　　　　　Respondent. | Civil No.　　08cv1356 L (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

**I.　INTRODUCTION**

Wesley W. Hunter, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet.") in the United States District Court for the Southern District of California challenging a prison disciplinary proceeding which took place on June 4, 2004 at Centinela State Prison in Imperial, California. Hunter was subsequently criminally prosecuted in Imperial County Superior Court for the same acts. In this Petition, Hunter claims: (1) The California Department of Corrections and Rehabilitation ("CDCR") violated hits own regulations by failing to reduce his 2004 rules violation determination from possession of marijuana with intent to distribute to simple possession to conform to his Imperial County criminal conviction for the same acts; (2) the charge of which he was found guilty at his 2004 disciplinary proceeding, possession of a controlled substance with intent to distribute, is an arbitrary rule, has not been properly enacted via the Administrative Procedures Act and is enforced inconsistently and selectively; (3) the CDCR should have reduced the findings and penalties

of his 2004 disciplinary proceeding to simple possession; and (4) he was found guilty of a rules violation that had been repealed. (Pet. at 5-6.) Respondent argues the Petition is second or successive within the meaning of 28 U.S.C. § 2244(b)(1) and, in any event, does not state a federal constitutional claim. (Mot. to Dism. at 3-5.)

The Court has considered the Petition and its attachments, Respondent's Motion to Dismiss and the Memorandum of Points and Authorities in Support of the Motion to Dismiss, Petitioner's Opposition to the Motion to Dismiss, and all the supporting documents submitted by the parties. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court **GRANTS** the Motion to Dismiss and **DISMISSES** the case.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

In June of 2004, Hunter was found guilty at a prison disciplinary proceeding of possession of marijuana with intent to distribute and was assessed a one hundred and eighty day loss of credit. (Pet. at 46-52.) He filed a petition for writ of habeas corpus in this Court challenging that disciplinary proceeding on July 10, 2006. (*See* So. Dist. Case No. 06cv1402.)

On November 16, 2006, Hunter was indicted by an Imperial County Grand Jury for possession of marijuana in prison. (Pet. at 34-35.) He pleaded guilty to the charge on February 20, 2007 and was sentenced to two years in prison on April 24, 2007. (*Id.* at 29-32.)

Hunter's first federal petition, case number 06cv1402, was dismissed because it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*See* Order in case no. 06cv1502 dated February 15, 2008 [doc. no. 25].) Hunter appealed that decision to the Ninth Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction. (*See* Order in *Hunter v. Harrison*, No. 09-55527 dated June 2, 2009 [doc. no. 34].)

Hunter has now filed the instant petition which again seeks to challenge his 2004 disciplinary proceeding.

## III.    DISCUSSION

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001); *see also* 28 U.S.C. § 2244(b)(2). A successive petition is only authorized under section

2244(b)(2) "if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction. *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

It is arguable that Hunter's petition rests on "facts that were previously unavailable" in that he seeks to attack his 2004 disciplinary proceeding with his April 24, 2007 conviction. Even if Hunter falls within this exception to section 2244(b)(2)'s "gatekeeper" provision, however, he must first show he has obtained an Order from the Ninth Circuit Court of Appeals authorizing this Court to consider a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Woods*, 525 F.3d at 888.. New facts which have come to light to support a petitioner's claim that a conviction or disciplinary proceeding which he has previously unsuccessfully attacked should be overturned are merely a basis for asking the Ninth Circuit Court of Appeals to authorize the District Court to consider a second or successive petition. *See Van Hoosen v. Kramer*, 2009 WL 690087 (9th Cir., March 3, 2009).[1] "The requirement that he obtain that order is jurisdictional." *Id.* Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## V. CONCLUSION

For all the foregoing reasons, the Court GRANTS the Motion to Dismiss and DISMISSES this case. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2254.**

**IT IS SO ORDERED.**

DATED: July 1, 2009

_____
M. James Lorenz
United States District Court Judge

---

[1] *See* Ninth Circuit Rule 36-3 which permits the citation of unpublished Ninth Circuit opinions filed after January 1, 2007.